**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Regina M. Rodriguez**

Civil Action No. 26-cv-04783-RMR

DELCY CORDOBA ESTEPA,

Petitioner,

v.

KELEI WALKER, Field Office Director of Enforcement and Removal Operations, Denver Field Office, Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security;
U.S. DEPARTMENT OF HOMELAND SECURITY;
TODD BLANCHE, U.S. Attorney General;
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW;
JOHNNY CHOATE, Warden of Aurora Detention Facility,

Respondents.

---

**ORDER**

---

Petitioner Delcy Cordoba Estepa ("Petitioner") is a citizen of Colombia who has been detained at the Aurora Detention Center since July 16, 2026. ECF No. 1 ¶¶ 2, 20. She has resided in the United States since 2023. *Id.* ¶ 20. After she was arrested at her normal Intensive Supervision Appearance Program ("ISAP") check-in, Immigration and Customs Enforcement ("ICE") did not set bond. *Id.* Petitioner requested review of her custody by an immigration judge, and, on August 13, 2026, she was denied bond for being an "applicant for admission" and a flight risk. *Id.*

Petitioner contends she is improperly detained and seeks immediate release. *Id.* at 6. The relief requested by Petitioner and the legal claims and arguments upon which

it's premised, are familiar to the Court and the parties. Respondents "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." ECF No. 6 at 2. Respondents submit that if the Court grants the Petition, "the appropriate relief would be an Order directing that Respondents, within seven days of this Order, release Petitioner from detention." *Id.* (emphasis in original).

Given this response, the Petition is granted. With respect to the appropriate relief, this Court has previously granted similar petitions and ordered Respondents to provide those petitioners with a bond hearing where the "Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that h[er] physical custody is legally justified." *See Tzompa Garcia v. Baltazar*, No. 26-CV-2713-RMR, 2026 WL 2240137, at *1 (D. Colo. Aug. 4, 2026); *see also A.A.G.R. v. Baltazar*, No. 26-CV-02344-RMR, 2026 WL 2110577, at *2 (D. Colo. July 22, 2026). Several of these bond hearings were not compliant with the Court's orders, specifically with respect to applying the "clear and convincing" standard. *Tzompa Garcia*, 2026 WL 2240137, at *3; *A.A.G.R.*, 2026 WL 2110577, at *3. Other courts in this District have also expressed "concern[] that the immigration courts are not affording immigrants fair bond hearings," as "the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Pal v. Lyons,* 2026 WL 937962, at *4 (D. Colo. Apr. 7, 2025); *see also Quiroz Zacarias v. Mullin,* 2026 WL 1092162, at *4-*5 (D. Colo. Apr. 22, 2026); *see also Asfir v. Blanche*, No. 26-cv-01435-GPG (D. Colo. July 2, 2026). Given this reality, the Court finds Petitioner's immediate release is the appropriate remedy. *See Santillan*

*Quiroz*, 2026 WL 1876709, at *17 n.13 (contemplating the district court should "order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him.").

**CONCLUSION**

For the reasons set forth above, IT IS ORDERED that:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;
2. Respondents shall **IMMEDIATELY RELEASE** Petitioner on her own recognizance, along with all her personal belongings, without onerous conditions of release, including, without limitation, GPS monitoring, mandatory reporting, or other restrictions on her movement. Respondents shall facilitate Petitioner's transportation from the detention facility by providing all necessary identity and travel documents to return to her primary address;
3. Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that she is a flight risk or danger to the community such that her physical custody is legally justified pursuant to 8 U.S.C § 1226(a). At any such bond hearing, Respondents shall bear the burden of proof, and Petitioner shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;
4. During such periods of time as Petitioner remains in Respondents' custody, Respondents shall continue to be **ENJOINED** from removing, transferring, or

causing the removal or transfer of Petitioner from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;

5. On or before **October 13, 2026**, Respondents shall file a status report certifying compliance with this Order.

DATED: October 6, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
Chief Judge, U.S. District Court